_In re_ MARRIAGE OF SUSAN WHITE, n/k/a Susan McDermott, Petitioner-Appellee, and JAMES WHITE, Respondent-Appellant.

Fourth District   No. 4—90—0223

Opinion filed October 18, 1990.

Tracy A. Smith, of Bloomington, for appellant.

Dunn, Goebel, Ulbrich, Morel & Hundman, of Bloomington (William T. Hundman, of counsel), for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

James White (James), respondent, appeals from an order of February 26, 1990, denying his petition to modify child support entered by the circuit court of McLean County. The only issue is whether the trial court abused its discretion in denying James' petition for modification. We reverse.

The facts will be reviewed only as necessary to a disposition of this case.

James and Susan White, n/k/a Susan McDermott (Susan), were granted a dissolution of marriage in 1979. Two children were born of the marriage, Heather, date of birth August 31, 1974, and Eric, date of birth November 22, 1975. In the dissolution of marriage granted October 1, 1979, the custody of the minor children was awarded to Susan. Various modifications in the amount of support to be paid by James have been made, and on October 10, 1989, the court entered an order increasing the unallocated support figure to $134 per week for both children. On November 14, 1989, Susan filed a motion for leave to remove the parties' daughter, Heather, from the jurisdiction of the State of Illinois and to transfer custody of the son, Eric, to James. An order allowing removal of the daughter from the State of Illinois and transferring custody of Eric to James was duly entered on December 19, 1989. On January 16, 1990, James filed a petition to modify the judgment of dissolution of marriage requesting the reduction or elimination of his child support obligation to Susan in light of the fact that he then had custody of the parties' son. The petition was denied after hearing on February 26, 1990.

James testified that his monthly income after deductions for Federal and State income-tax withholding and social security was approximately $2,300. The 1988 income-tax return showed wages and salaries of $32,843.16 and, after certain additions and deductions, his income for tax purposes was shown to be $31,732.14. He did on cross-examination testify that his income for 1989 was approximately $45,000.

It is uncontradicted that James pays $200 per month for support of a daughter of a subsequent marriage and an additional $200 per month for that daughter's day care. Per the present court order, he pays to Susan $134 per week for the support of the minor daughter in the custody of Susan. He also has a responsibility for the support of the minor son, Eric, who is living with him.

The trial court in making its ruling with respect to the petition to modify as to support first indicated that "there certainly has been a substantial change in circumstances." The court then, apparently based upon the testimony, found that there had not been a substantial change in circumstances insofar as the financial interests of the parties are concerned, other than its statement that Susan was going through some financial hard times and that James had relatively good financial times, that it was inappropriate to make a change without more information.

■ The only testimony concerning Susan and her income was a statement by stipulation of counsel that her income was approximately $660 net per month. There was no evidence concerning the needs of the child, Heather, presently in the custody of Susan. James did present testimony and a statement of his expenses with respect to the support of the minor child, Eric. This court stated in *In re Marriage of Stockton* (1988), 169 Ill. App. 3d 318, 325, 523 N.E.2d 573, 578:

> "Modification of child support involves the threshold question of whether a substantial change in circumstances has occurred.
> * * *
> Once it is determined a modification is required, the court should consider the factors set forth in section 505 of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 505)."

■ In the instant case, it is clear, as the trial court first set forth, there has been a substantial change in circumstances. A change of custody is itself a substantial change in circumstances. The factors set forth in section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act) should be applied (Ill. Rev. Stat. 1989, ch. 40, par. 505), and it is the responsibility of the parties to present the evidence with respect to the factors set forth therein. In this case, after the finding of substantial change in circumstances, the trial court did not determine the support figures pursuant to section 505 of the Act.

■ There are no guidelines for trial courts when custody is split between the parties nor when a party is responsible for the support of other children from other marriages. The factors set forth in section 505 do apply and should be considered, however. James argues *In re Marriage of Flemming* (1986), 143 Ill. App. 3d 592, 493 N.E.2d 666, provides authority for how to apportion support where custody of two minor children is split between James and Susan. The trial court in *Flemming* took the 25% figure from section 505 and divided that in half to determine that James' responsibility should be 12½%. James argues that *Flemming* provides that 12½% should be used in the instant case. The appellate court in *Flemming* did not establish 12½% as a mandate but simply approved the trial court's rationale.

■ Although Susan argues that James' income is substantially more at this time, there is no evidence presented by Susan, by cross-examination or by request by the court for discovery that indicates that James' net income is anything other than $2,300 per month. Considering the status of the proceedings at this time, James from his monthly income is paying $400 per month for a child other than from this marriage, $632 per month for the support of Heather and has the

responsibility for the support of his son. Upon the evidence presented, the trial court's order is clearly outside of the guidelines of section 505 of the Act.

Very little testimony was presented in behalf of Susan. At the risk of giving the parties, especially Susan, another bite at the apple to present additional evidence, it is necessary to remand this cause to the trial court for further proceedings. On remand, the trial court should consider the support paid by James for the child from a different marriage, his responsibility for the support of Eric, the financial status of Susan, as well as the needs of the daughter, Heather.

The circuit court's order of February 26, 1990, is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

KNECHT, P.J., and SPITZ, J., concur.