*In re* MARRIAGE OF ROGER D. WITTLAND, Petitioner-Appellee, and RHONDA S. WITTLAND, n/k/a Rhonda S. Johnson, Respondent-Appellant.

Fourth District   No. 4—05—0142

Argued August 16, 2005.—Opinion filed November 4, 2005.

Dennis G. Woodworth and Scott D. Larson (argued), both of Blickhan, Woodworth & Timmerwilke, of Quincy, for appellant.

F. Donald Heck, Jr. (argued), of Pollock, Ennis & Heck, of Quincy, for appellee.

PRESIDING JUSTICE COOK delivered the opinion of the court:

Rhonda S. Wittland, now known as Rhonda S. Johnson, appeals the trial court's January 31, 2005, order dismissing her petition to set child support. She alleges that the court's order made child support nonmodifiable in violation of section 502(f) of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/502(f) (West 2004)). We reverse and remand.

## I. BACKGROUND

Rhonda and Roger D. Wittland married on September 5, 1987. The couple had two children during the marriage, Jacob, born June 23, 1988, and Alexis, born July 25, 1995. On June 2, 1998, Roger filed a petition for dissolution of marriage. The trial court entered a judgment of dissolution on August 12, 1998. The parties had joint legal custody of the children, but Roger had physical custody. Because she was unemployed at the time, the court ordered Rhonda to pay $10 per month in child support. On August 22, 2000, the trial court increased the amount of child support to $276 per month as Rhonda had since obtained a job.

On April 12, 2004, Rhonda and Roger entered into an agreement modifying the dissolution judgment wherein Rhonda received custody of Jacob and Roger retained custody of Alexis. Paragraph 5 of the agreed order stated that "due to each party having physical custody of one child, no child support is ordered herein and [Rhonda's] obligation is hereby terminated effective April 1, 2004."

On September 15, 2004, Rhonda filed a petition to modify the April 2004 agreed order. She alleged a substantial change in circumstances in that Jacob had turned 16, was driving, and, therefore, had increased expenses, including car insurance and a vehicle loan. Roger filed a motion to dismiss, which the trial court granted on December 3, 2004. The court found that it could not modify a nonexistent order for child support; the parties had agreed that neither would pay child support.

On December 14, 2004, Rhonda filed a petition to set child support, citing section 505 of the Dissolution Act, which requires a noncustodial parent to pay 20% of his or her net income as child support for one child. Roger again filed a motion to dismiss Rhonda's petition, which the trial court granted on December 31, 2004. Citing *In re Marriage of Steadman*, 283 Ill. App. 3d 703, 708-09, 670 N.E.2d 1146, 1150-51 (1996), it found that the statutory guidelines for child support may be disregarded in cases involving split custody and no specific guidelines exist where the parties have such an agreement. The court also stated that where the parties agree that neither party is obligated to pay child support because of split custody, a court does not abuse its discretion in not further addressing the issue of child support, citing *In re Marriage of Deem*, 328 Ill. App. 3d 453, 458, 766 N.E.2d 661, 665-66 (2002). This appeal followed.

## II. ANALYSIS

Rhonda urges that the court's dismissal of her petitions to set or modify child support without hearing evidence on the matter resulted in a *de facto* nonmodifiable support order in violation of section 502(f) of the Dissolution Act (750 ILCS 5/502(f) (West 2004)). We review *de novo* a trial court's grant of a motion to dismiss. *Friends of the Parks v. Chicago Park District*, 203 Ill. 2d 312, 319-20, 786 N.E.2d 161, 165 (2003).

When it dismissed Rhonda's petition to set child support, the trial court cited *Steadman*, 283 Ill. App. 3d at 708, 670 N.E.2d at 1150, for the propositions that a court may "disregard the statutory guidelines" where the parties have agreed to split custody and that "there are no specific guidelines to follow" in such cases. However, *Steadman* also stated that a court may "consider the factors listed in section 505 of the [Dissolution] Act." *Steadman*, 283 Ill. App. 3d at 708, 670 N.E.2d at 1150. *In re Marriage of White*, 204 Ill. App. 3d 579, 582, 561 N.E.2d 1387, 1389 (1990), upon which *Steadman* relied, held that though "[t]here are no guidelines for trial courts when custody is split between the parties," "[t]he factors set forth in section 505 do apply and should be considered." Neither *Steadman* nor *White* supports the conclusion

that a trial court may altogether refuse to consider whether child support is appropriate in a split-custody case.

■ Further, courts have a responsibility to protect the best interests of the children in child-support matters. *In re Marriage of Case*, 351 Ill. App. 3d 907, 911, 815 N.E.2d 67, 71 (2004). To this end, courts are not bound by the parties' agreements as to child support (*Case*, 351 Ill. App. 3d at 911, 815 N.E.2d at 71), and settlement agreements may not be made nonmodifiable in that regard (*Steadman*, 283 Ill. App. 3d at 707-08, 670 N.E.2d at 1150). The right to modify child support is a statutory right, and parties are always able to petition the court upon a change in circumstances. *Steadman*, 283 Ill. App. 3d at 707-08, 670 N.E.2d at 1150.

■ In this case, section 505(a)(1) of the Dissolution Act does not apply to the parties' split-custody arrangement; this does not, however, mandate the dismissal of Rhonda's petitions. While the trial court is not bound to order Roger to pay the 20% net income minimum for one child's support as set out in section 505(a)(1) of the Dissolution Act (750 ILCS 5/505(a)(1) (West 2004)), it still should consider the matter in light of the factors listed in section 505(a)(2) (750 ILCS 5/505(a)(2) (West 2004)). The parties' agreement that neither would pay child support does not preclude the trial court from considering the issue. By dismissing Rhonda's petitions on the grounds given, the court impermissibly prevented her from presenting evidence that changed circumstances warranted child support for her son.

### III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand.

Reversed and remanded.

STEIGMANN and McCULLOUGH, JJ., concur.