2019 IL App (2d) 181041-U
No. 2-18-1041
Order filed December 17, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re MARRIAGE OF ERIN M. LESNIAK, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Petitioner-Appellee, | ) ) | |
| v. | ) ) | No. 14-DV-72 |
| JEFFREY W. LESNIAK, | ) ) | Honorable Michael E. Coppedge, |
| Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Presiding Justice Birkett and Justice Bridges concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court erred by granting mother's motion for a directed finding where the father established a substantial change in circumstances because his share of overnight custody increased from approximately 5% to 43%; trial court's judgment vacated, cause remanded.

¶ 2    Respondent, Jeffrey W. Lesniak, petitioned the trial court to reduce his monthly child support obligation to petitioner, Erin M. Lesniak.  He alleged that a substantial change in circumstances had occurred since the entry of the most recent support judgment, which was the original judgment dissolving the parties' marriage of nearly five years.  Jeffrey alleged that a substantial change in circumstance had occurred because, *inter alia*, his parenting time with their

son had greatly increased. The trial court granted Erin's motion for a directed finding. Jeffrey appeals. We vacate and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4     The parties married in June 2009. They had a son, E. L. (born in 2012). In April 2014 the trial court entered a judgment of dissolution of marriage that incorporated the parties' marital settlement agreement and joint parenting agreement. The parties' shared joint custody, and Jeffrey had E.L. approximately 17 overnights per year. The court set Jeffrey's child-support obligation at $712.15 every two weeks, based on Jeffrey's net monthly income of $7013. The court stated that the child-support obligation was "in excess of the statutory minimum."

¶ 5     In September 2018 the court entered an allocation judgment modifying parental responsibilities and parenting time. The judgment provided that Jeffrey had 156 overnights per year with E.L.

¶ 6     Subsequently, in September 2018 Jeffrey filed a petition for modification of child support alleging that, since the entry of the judgment of dissolution, there have been several substantial changes in circumstances. Jeffrey set forth the following bases for a substantial change: (1) E.L. has become older, he has enrolled in school full-time, and his expenses have changed significantly; (2) the living arrangements of Jeffrey and Erin have both changed; (3) Jeffrey has remarried and has had another child for whom Jeffrey incurs additional expenses, and the parties have moved; (4) the parties' incomes have changed; and (5) the allocation of parenting time has been modified. As a result, Jeffrey has more than 156 overnights each year with E.L. Jeff's petition was accompanied by a financial affidavit showing a monthly net income of $7299.

¶ 7     At the December 6, 2018, hearing, Jeffrey testified that the judgment of dissolution allocated him 17 overnights a year. His overnights were later increased by agreement from 17 per

year to 52. As the result of the court allocation judgment entered in September 2018, Jeffrey had 160 overnights with the parties' son. Jeffrey's substantial increase in parenting time with E.L. had increased Jeffrey's expenses, including increases in the cost of "food, clothing, [and] activities.]" Since the parties' divorce, Jeffrey has remarried, had a child with his second wife, and has purchased a home—all events triggering increased expenses. Jeffrey also testified that since the judgment of dissolution, there had been no modification in his child-support obligation.

¶ 8    During cross-examination, Jeffrey testified that his gross monthly income of $9,280 was approximately the same as his income at the time of the parties' divorce in 2014. The parties stipulated that Jefferey's gross income was approximately $300 less at the time of the hearing than at the time of the entry of the judgment of dissolution, because his taxable wages for 2014 totaled $102,968 and his taxable wages for 2017 totaled $100,894.

¶ 9    Erin testified that her gross monthly income was $6700, and she received $1543 in monthly child support from Jeffrey. Since the entry of the allocation judgment in September 2018, Jeffrey has exercised his parenting time consistent with the revised schedule. Erin argued, in part, that more overnights did not "qualify as a substantial change in circumstances" where "[t]he child support statute clearly states that modification cannot be based on a change in the statute alone." Jeffrey argued, in part, that the revision of the statute was not the basis for his substantial change in circumstances; rather, the increase in overnights was the basis.

¶ 10    On December 6, 2018, the trial court granted Erin's motion for a directed finding and denied Jeffrey's petition for modification of child support. The court determined that Jeffrey failed to establish any basis for a substantial change in circumstances. Regarding the increase in parenting time, the trial court determined that "the statute also provides that the adoption of the statute cannot be used as a basis to modify child support. *** [I]t is this court's conclusion that

standing alone, more overnight time would affectively [*sic*] be invoking the new statute as a basis to modify child support, which the court believes the legislature intended to prohibit. *** [A]n appellate authority may disagree."

¶ 11    Jeffrey timely filed a notice of appeal on December 19, 2018.

¶ 12                                   II. ANALYSIS

¶ 13    Jeffrey argues that the trial court erred by granting Erin's motion for a directed finding. In cases tried without a jury, the defendant may move for a directed finding in his or her favor at the close of the plaintiff's case. 735 ILCS 5/2-1110 (West 2016); *Vician v. Vician*, 2016 IL App (2d) 160022, ¶ 35. To present a *prima facie* case the plaintiff must present some evidence on each element essential to the cause of action. *Vician*, 2016 IL App (2d) 160022, ¶ 35. A motion for a directed finding must be denied if the plaintiff has presented a *prima facie* case. *Gorski v. Board of Fire & Police Commissioners of the City of Woodstock*, 2011 IL App (2d) 100808, ¶ 34. Our review of such a determination is *de novo*. *North Spaulding Condominium Ass'n v. Cavanaugh*, 2017 IL App (1st) 160871, ¶ 20.

¶ 14    If the plaintiff has presented some evidence on every element, then the court must consider and weigh the totality of the evidence presented, including evidence that is favorable to the defendant. *Vician*, 2016 IL App (2d) 160022, ¶ 35. After weighing all the evidence, the court should apply the standard of proof required for the underlying cause and determine whether sufficient evidence remains to establish the plaintiff's *prima facie* case. *Id*. If such evidence remains, the court should deny the defendant's motion and continue with the trial. *Id*. We review these determinations under the manifest weight of the evidence standard. See *North Spaulding Condominium Ass'n*, 2017 IL App (1st) 160871, ¶ 20. A decision is against the manifest weight

of the evidence if the opposite conclusion is clearly apparent. *Gorski*, 2011 IL App (2d) 100808, ¶ 34.

¶ 15    The decision to modify child support is a two-step process.  First, the court must find a substantial change in circumstances.  Second, the court must look to the statutory factors to determine the new amount.   In this case, the court found no substantial change, so it did not reach the second step.

¶ 16    The Act allows a trial court to modify a child support obligation upon a showing of a substantial change in circumstances.  750 ILCS 5/510(a)(1) (West 2018); *In re Marriage of Izzo*, 2019 IL App (2d) 180623, ¶ 25.  Typically, a substantial change in circumstances means the child's needs, the obligor's ability to pay, or both have changed since the entry of the most recent support order.  *In re Marriage of Verhines & Hickey*, 2018 IL App (2d) 171034, ¶ 79.  Further, "[a] significant change in custodial arrangements, by itself, is sufficient to establish a substantial change that would justify the modification of child support."  *Izzo*, IL App (2d) 180623, ¶ ¶ 28.  See also *In re Marriage of White*, 204 Ill. App. 3d 579, 582 (1990) (where custody of child was transferred from one parent to another, a substantial change had occurred).

¶ 17    To obtain a reduction in his or her child support obligation, the obligor parent must prove that there has been a substantial change in circumstances since the most recent support order.  *In re Marriage of Sorkin*, 2017 IL App (2d) 160885, ¶ 28.  In this case, the most recent order, the April 2014 judgment of dissolution, provided that E.L. spend 17 nights a year with Jeffrey.  Then, a September 2018 order provided that E.L. would spend 156 nights a year with Jeffrey.  In other words, Jeffrey's share of overnight custody increased from approximately 5% to 43%.  Erin has not denied these facts.   Thus, Jeffrey established a significant change in custodial arrangements sufficient to establish a substantial change in circumstances.  See *Izzo*, 2019 IL App. (2d) 180623,

¶ 27 (this court held that the obligor established a substantial change in circumstances where his share of overnight custody increased from 15% of the nights to 43%). While a child-support award may provide for more than the child's basic need, a child-support award is not meant to be a windfall to the receiving parent. *Izzo*, 2019 IL App. (2d) 180623, ¶ 28.

¶ 18    Erin argues that the trial court properly granted her motion for a directed finding because the section 510(a) of the Act prohibits a finding of a change in circumstances based on a change in the Act itself. We disagree. Section 510(a) of the Act provides in relevant part:

> "The court may grant a petition for modification that seeks to apply the changes made to subsection (a) of Section 505 by Public Act 99-764 to an order entered before the effective date of Public Act 99-764 only upon a finding of a substantial change in circumstances that warrants application of the changes. The enactment of Public Act 99-764 itself does not constitute a substantial change in circumstances warranting a modification." 750 ILCS 5/510(a) (West 2018).

¶ 19    In *Izzo*, 2019 IL App (2d) 180623, we rejected the argument that Erin advances here. In this case, Jeffrey, as the father did in *Izzo*, points to an actual change in circumstances, "his significant increase in parenting time," rather than relying on the enactment of Public Act 99-764 itself. *Id*. ¶ 34.

¶ 20    Erin cites *In re Marriage of Salvatore*, 2019 IL App (2d) 180425, to support her argument. In *Salvatore*, the father filed a petition to modify child support based solely on an increase in the mother's income since the original judgment. The father's child-support obligation was set under the prior version of section 505 of the Act. *Id*. ¶ 5. The father argued that the court should consider that his child-support obligation under the new statutory guidelines would be less than half of his obligation based on the prior guidelines. This court rejected the father's argument because the

father relied on the passage of Public Act 99-764 (eff. July 1, 2017) (amending child support provisions) to establish a substantial change in circumstances. *Id.* ¶ 33. However, unlike *Salvatore*, this case involves a change in parenting time and does not rely on the new guidelines to establish a substantial change in circumstances. Thus, *Salvatore* is distinguishable from this case.

¶ 21    Erin also argues that the parties contemplated that Jeffrey's overnights could fluctuate or change in the future. Erin contends that this is reflected in the parties' marital settlement agreement as incorporated into the judgment of dissolution wherein Jeffrey is granted the right of first refusal that allowed him to take E.L. when Erin is working or is otherwise unavailable. Further, according to Erin, the parties agreed to review child custody on an annual basis. This argument or evidence was not presented before the trial court because the trial court granted Erin's motion for a directed finding. On remand, Erin will have an opportunity to present her case.

¶ 22    In conclusion, Jeffrey presented a *prima facie* case of a substantial change based on increased parenting time. Thus, we need not consider Jeffrey's additional allegations of a substantial change in circumstances. Further, the trial court's decision to grant Erin a directed finding after the close of Jeffrey's case was against the manifest weight of the evidence.

¶ 23                              III. CONCLUSION

¶ 24    For the reasons stated, we vacate the trial court's judgment and remand for further proceedings.

¶ 25    Vacated and remanded.