**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240126-U

Order filed October 1, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| *In re* ESTATE OF SULLEY A. DOLLEY, | ) | |
| | ) | Appeal from the Circuit Court |
| Deceased | ) | of the 12th Judicial Circuit, |
| | ) | Will County, Illinois, |
| (Dorothy Dolley Friedlander, | ) | |
| | ) | Appeal No. 3-24-0126 |
| Petitioner-Appellant, | ) | Circuit No. 19-P-190 |
| | ) | |
| v. | ) | Honorable |
| | ) | Derek Ewanic, |
| Felicia Okwei, Administrator, | ) | Judge, Presiding. |
| | ) | |
| Respondent-Appellee). | | |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justice Davenport and Justice Anderson concurred in the judgment.

_____

**ORDER**

¶ 1  *Held*: Petitioner's failure to appear at hearing did not justify dismissal with prejudice.

¶ 2  The appellant, Dorothy Friedlander, moved to amend the order of heirship in the estate of Sulley Dolley. Her motion was denied, and she moved to reconsider. Her motion was set for hearing, and she failed to appear on the hearing date. The circuit court dismissed her motion with prejudice.

I. BACKGROUND

This appeal arises from the administration of the estate of Sulley A. Dolley. Dolley died intestate on May 9, 2017, and his daughter, Felicia Okwei, was appointed to independently administer his estate on April 12, 2019. Friedlander, claiming to be another daughter of Dolley's, moved to amend the order of heirship and moved to terminate the independent administration of the estate. On April 21, 2022, after hearing arguments on the motion, the court denied Friedlander's motions, finding that (1) her pleadings were insufficient, (2) she was not an heir at law, (3) there were hearsay issues with her birth certificate, and (4) she failed to meet her burden of proof under the Probate Act of 1975.

¶ 4        On May 19, 2022, Friedlander filed a motion seeking reconsideration of the court's denial of her motions, and she amended the motion on November 28, 2022. The court set a briefing schedule and set the case for status on the pleadings and the status of a possible DNA test to be taken by Friedlander. Friedlander filed the results of a DNA test on May 22, 2023, and the parties briefed the pending motion to reconsider. Friedlander's counsel moved to withdraw and was given leave to do so on July 14, 2023. On September 7, 2023, Friedlander, *pro se*, filed a motion entitled "Motion to Vacate the Order to Take a DNA Test and to Appoint a DNA Expert and Further to Annul the Court's Orders on April 21 2022 As Same Was Obtained By Misrepresentation." Okwei filed a response to the motion on October 20, 2023, and a hearing was scheduled on all pending motions on November 29, 2023.

¶ 5        On November 29, 2023, the court entered an order, titled "Agreed Order," continuing the case to January 25, 2024, for hearing on Friedlander's pending motions. The order, prepared by counsel for Okwei, did not state who was present on that date. It provided that Okwei's attorney was permitted to disseminate the results of the previously filed DNA tests "for the purposes of

obtaining and [*sic*] expert opinion," and it ordered the parties to "check with the Court prior to the Hearing date to confirm if the Courtroom is changed by the Assignment of Judges anticipated to be issued prior to the date of the hearing." No notice or proof of service was filed with the circuit clerk stating that the order had been disseminated to Friedlander.

¶ 6     The case was reassigned to a new judge prior to the hearing date. On January 25, 2024, the case was called for hearing, and Friedlander did not appear. Counsel for Okwei informed the court that he had "instructed [his] secretary to send [Friedlander] the new zoom instructions." Initially, counsel for Okwei requested the court deny Friedlander's motions without hearing argument. However, he proceeded to argue Okwei's position on each of the motions, and the court and counsel discussed the substance of Friedlander's motions. The court, noting that no one had appeared to argue on behalf of Friedlander, and "[Ms.] Friedlander being aware of today's court date," struck each of her motions with prejudice. The court entered an "Agreed Order" prepared by counsel for Okwei dismissing each of Friedlander's motions with prejudice. On that same date, Okwei's counsel filed "Proof of Delivery of Email" with the circuit clerk consisting of an email sent from his office to Friedlander approximately two hours prior to the hearing. The email contained updated instructions for appearing electronically before the court but did not contain any information about the hearing, including the time, date, or location of the hearing. Friedlander appealed the dismissal.

¶ 7                                        II. ANALYSIS

¶ 8     On appeal, Friedlander argues the court erred when it dismissed her pending motions with prejudice. Okwei failed to file an appellate brief, and we elected to hear this matter on Friedlander's brief alone. A reviewing court is not required to serve as an advocate for the appellee nor "search the record for the purpose of sustaining the trial court's judgment." *In re*

*Marriage of Case*, 351 Ill. App. 3d 907, 910 (2004). If the appellant's brief demonstrates *prima facie* reversible error and the contentions in the brief are supported by the record, the circuit court's judgment may be reversed. *Id.* at 911. Moreover, if the issues raised on appeal are susceptible to easy decision, we may consider the merits of the appeal. *Mahoney v. Gummerson*, 2012 IL App (2d) 120391, ¶ 10.

¶ 9   We review the court's dismissal of a pleading with prejudice for an abuse of the court's discretion. *Ingold v. Irwin*, 302 Ill. App. 3d 378, 383 (1998). In so doing, we consider whether the trial court, before dismissing with prejudice, considered the particular circumstances before it. *Id.* "A fundamental principle of Illinois law is that default judgments are not encouraged and should be employed only as a last resort." *Jones v. Sullivan*, 34 Ill. App. 3d 786, 789 (1976). Illinois Supreme Court Rule 104(b) provides that "[w]ritten motions, and other documents required to be filed shall be filed with the clerk with a certificate of counsel or other proof that the documents have been served on all parties who have appeared and have not theretofore been found by the court to be in default for failure to plead." Ill. S. Ct. R. 104 (eff. Jan. 1, 2018). "Parties to an action who have appeared are entitled to notice of any impending motions or hearings." *City of Chicago v. American National Bank & Trust Co.*, 171 Ill. App. 3d 680, 688 (1988).

¶ 10   A case may be dismissed for want of prosecution. However, a court may not dismiss a case with prejudice for want of prosecution. *Walton v. Throgmorton*, 273 Ill. App. 3d 353, 357 (1995). A dismissal for want of prosecution is a statutory remedy, and it permits a plaintiff to refile a claim "within one year or within the remaining period of limitation, whichever is greater." 735 ILCS 5/13-217 (West 2022). Additionally, a court may dismiss a cause of action with prejudice as a sanction for a party's failure to comply with court rules. However, such an

4

action should only be taken when the party has shown a "deliberate and willful disregard of the court's authority." *Simmons v. Shimek*, 139 Ill. App. 3d 927, 928 (1985). Moreover, dismissing a cause of action as a discovery sanction requires the court to indicate grounds to support its action. *Walton*, 273 Ill. App. 3d at 358. Such a sanction should only be imposed as a last resort. *Donner v. Deere & Co.* 255 Ill. App. 3d 837, 842 (1993).

¶ 11 In this case, the record is devoid of any proof that Friedlander received notice of the hearing that took place on January 25, 2024. When given the opportunity to provide proof that Friedlander was given notice of the hearing date, counsel for Okwei filed an email containing general Zoom instructions, which was sent to Friedlander approximately two hours prior to the hearing. The email did not contain information about the time or date of the hearing, and, significantly, Okwei did not file proof of notice that the order entered on November 29, 2023, setting the hearing date, was sent to Friedlander. Neither can we infer Friedlander's presence from the fact that the order entered on November 29, 2023, was entitled "Agreed Order" since the order entered on January 25, 2024, dismissing Friedlander's motions bore the same title, and Friedlander was not present on that date.

¶ 12 Regardless of whether Friedlander received notice of the hearing date, dismissal with prejudice was an unduly harsh sanction for failing to appear when (1) the hearing was relocated due to a judicial reassignment, (2) the court made no specific findings indicating the grounds for imposing such a sanction, and (3) there is no evidence in the record that Friedlander's failure to appear was deliberate or willful. We therefore find that dismissal with prejudice was not warranted under the circumstances, and the court abused its discretion when it failed to consider the particular circumstances of the case. See *Walton*, 273 Ill. App. 3d 353 at 360. Accordingly, we vacate the dismissal of the case and remand the cause for further proceedings.

5

¶ 13        Reversed and remanded.