# Illinois Official Reports

## Appellate Court

<div style="border:1px solid;">

### *In re Marriage of O'Hare*, 2017 IL App (4th) 170091

</div>

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF THERESA O'HARE, Petitioner-Appellee, and RONALD G. STRADT, Respondent-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-17-0091 |
| Filed | May 9, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 09-D-386; the Hon. Jennifer M. Ascher, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Ronald G. Stradt, of Springfield, appellant *pro se*.<br><br>Gregory A. Scott, of Scott & Scott, P.C., of Springfield, for appellee. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Justices Holder White and Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1 In March 2010, the trial court dissolved the marriage of petitioner, Theresa O'Hare, and respondent, Ronald G. Stradt. In its dissolution order, the court granted Stradt parenting time with the parties' minor child (born August 31, 2006) on every other Tuesday evening and every other Wednesday evening through Friday morning.

¶ 2 In August 2016, Stradt filed a motion to modify parenting time, seeking to forego parenting time on Tuesdays in exchange for parenting time on every Wednesday and Thursday, which represented a 6% increase in his parenting time. In response, O'Hare filed a motion to dismiss pursuant to section 2-615 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-615 (West 2014)). Following a September 2016 hearing, the trial court granted O'Hare's motion and dismissed Stradt's motion to modify parenting time. Specifically, the court found that Stradt's request was not a "minor modification" as contemplated by section 610.5(e)(2) of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/610.5(e)(2) (West Supp. 2015)), which the legislature had recently modified.

¶ 3 Stradt appeals, arguing that the trial court erred by granting O'Hare's motion to dismiss. Specifically, Stradt contends that the court (1) failed to "accept as true all well-pleaded facts, and all reasonable inferences that may be drawn from those facts" when considering O'Hare's motion to dismiss and (2) did not properly apply the rules of statutory construction when interpreting what Stradt characterizes as the "ambiguous" term "minor modification." We affirm.

¶ 4                                    I. BACKGROUND

¶ 5 In May 2008, O'Hare and Stradt married, and the parties had a minor child. Their marriage was dissolved in March 2010, and pursuant to the dissolution order, Stradt was allocated the following parenting time:

> "(1) *** alternat[ing] weekends *** beginning from Friday afternoon until Monday morning at 9:00 a.m. ***
>
> (2) *** [Stradt] shall be entitled to mid-week visitation on the Tuesday nights before his weekend visitations from 4:30-5:00 p.m. until Wednesday morning *** no later than 9:00 a.m. ***
>
> (3) during the weeks in which he does not have weekend visitation, [Stradt] shall have visitation on Wednesday from 4:30-5:00 p.m. until *** no later than 9:00 a.m. on Friday."

Holidays and school breaks were reasonably and equally divided between the parties. The arrangement allocated 56% of the parenting time to O'Hare, while Stradt was allocated the remaining 44% of the parenting time.

¶ 6 In December 2015, Stradt filed his first motion to modify parenting responsibilities, seeking "sole custody" of the parties' minor child, subject to O'Hare's reasonable visitation. In January 2016, O'Hare filed a motion to increase Stradt's child-support obligations, citing a substantial increase in his income as the basis for the motion. The trial court ordered the parties to mediate these issues and scheduled a March 2016 hearing. The mediation was unsuccessful. (O'Hare's January 2016 filing is not at issue in this appeal.)

¶ 7    In March and April 2016, the parties filed individual parenting plans. Stradt sought, *inter alia*, sole decision-making responsibilities and parenting time on alternating weekends and every Monday and Tuesday evening. O'Hare urged the trial court to find that no legal basis was shown for a modification to the original parenting plan and requested that the original plan remain in place. O'Hare also filed a motion to dismiss Stradt's December 2015 motion to modify parental responsibilities.

¶ 8    At a May 2016 hearing, the trial court granted Stradt leave to file an amended motion to modify parental responsibilities, which Stradt filed immediately thereafter. Stradt's amended motion sought sole decision-making responsibilities and equal parenting time, characterizing his request as a "minor modification" pursuant to section 610.5(e)(2) of the Dissolution Act. In response, O'Hare filed a motion to dismiss Stradt's amended motion, arguing that (1) the parenting plan had been modified within the preceding two years and, therefore, it could not be modified absent a stipulation between the parties and (2) Stradt's motion failed to set forth a legal basis for a modification to the parenting plan. O'Hare characterized Stradt's amended motion as follows:

> "[T]he entire Amended Motion to Modify Parental Responsibilities does nothing more than confirm previous Orders of this Court that [Stradt] continues to argue over minutia to the extent of causing disruption in the working relationship of the parties resulting in extreme difficulties for [O'Hare] to address and deal with [Stradt] on child-related matters."

¶ 9    On July 8, 2016, the trial court determined that the parenting plan had not been modified within the preceding two years, but it found "merit in [O'Hare's] contention that many of the allegations contained in [Stradt's] Amended Motion to Modify Parental Responsibilities [had] been previously litigated or constitute[d] conduct that [did] not affect either parent's relationship to the minor child." Following the court's order, Stradt's attorney, Adam Giganti, sought leave to withdraw, citing "irreconcilable differences *** concerning the representation" of Stradt. At a July 18, 2016, hearing, the court granted Giganti's motion to withdraw, and Stradt, a licensed attorney, stated his intention to proceed *pro se*. The court then granted Stradt leave to file an amended motion to modify the parties' parenting plan.

¶ 10    At an August 2016 hearing, Stradt made an oral motion to withdraw all previous motions to modify the parenting plan, which the trial court granted. At that time, Stradt filed the motion to modify parenting time that is the subject of this appeal. Specifically, Stradt sought to change his parenting time from every other Tuesday evening and every other Wednesday evening through Friday morning to every Wednesday evening through Friday morning. The modification would increase Stradt's parenting time by 6% and would result in Stradt and O'Hare sharing parenting time equally, 50% apiece.

¶ 11    In September 2016, O'Hare filed a motion to dismiss the motion to modify parenting time, alleging that (1) Stradt failed to allege a change of circumstances and (2) the modification sought was not a minor modification as contemplated by section 610.5(e)(2) of the Dissolution Act. Later that month, the trial court granted O'Hare's motion to dismiss, finding that "an additional overnight every 14 days is not a minor modification as contemplated by 750 ILCS 5/610.5(e)."

¶ 12    This appeal followed.

## II. ANALYSIS

### A. Standard of Review

We review *de novo* a trial court's dismissal pursuant to section 2-615 of the Civil Code. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 19, 69 N.E.3d 834.

> "Such motions challenge the legal sufficiency of a pleading based on defects apparent on its face. [Citation.] In ruling on a section 2-615 motion, a court must accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts. [Citation.] It is well understood that the critical inquiry is whether the [factual] allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action upon which relief may be granted." *Id.*

Stradt's argument also requires us to interpret section 610.5(e) of the Dissolution Act, which presents a question of law that we likewise review *de novo. In re N.C.*, 2014 IL 116532, ¶ 50, 12 N.E.3d 23.

### B. Stradt's Motion To Modify Parenting Time

In January 2016, the Illinois General Assembly amended section 610.5 of the Dissolution Act to allow modification of parenting time absent a substantial change in circumstances in limited situations. See Pub. Act 99-90, § 5-15 (eff. Jan. 1, 2016) (adding 750 ILCS 5/610.5). The amended section provides, in relevant part:

> "The court may modify a parenting plan or allocation judgment without a showing of changed circumstances if (i) the modification is in the child's best interests; and ***
>
> ***
>
> [(ii)(2)] the modification constitutes a minor modification in the parenting plan or allocation judgment[.]" 750 ILCS 5/610.5(e) (West Supp. 2015).

Stradt's motion alleged, in relevant part,

> "5. That increasing [Stradt's] parenting time by 6% constitutes a minor modification of parenting time in that [Stradt] seeks the following change to the parenting times as provided in the Judgment for Dissolution:
>
> *From*: every other Tuesday and every other Wednesday/Thursday
>
> *To*: every Wednesday/Thursday.
>
> 6. That said minor modification is in the minor child's best interest, provides greater stability, and maximizes the child's relationship and access to both parents as intended by 750 ILCS 602.10(g)."

#### 1. *Presumption Regarding a Section 2-615 Motion To Dismiss*

Stradt contends that the trial court failed to "accept as true all well-pleaded facts, and all reasonable inferences that may be drawn from those facts" when considering O'Hare's motion to dismiss. O'Hare responds that Stradt failed to provide a factual basis for his motion and, instead, asserted various conclusions. We agree with O'Hare.

In his brief, Stradt alleges that the trial court failed to accept as true his allegation that "increasing [his] parenting time by 6% constituted a minor modification of parenting time." However, this allegation is a legal conclusion—not a fact. The court was not required to accept

this allegation as true and was at perfect liberty to disregard Stradt's interpretation of the statute.

¶ 22 Stradt also alleges that the trial court failed to accept as true "reasonable inferences," such as "said minor modification is in the minor child's best interest, provides greater stability, and maximizes the child's relationship and access to both parents." The determination that the modification was in the child's best interest is, again, a legal conclusion that the court was free to accept or reject. The allegations that the proposed modification would provide greater stability and maximize the child's relationship and access to both parents are factual conclusions that are unsupported by specific factual allegations and are, again, conclusions the court was free to accept or reject. See *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31, 976 N.E.2d 318 (courts are not required to accept as true conclusory factual allegations unsupported by specific facts).

¶ 23 Simply put, Stradt failed to allege any specific facts supporting his motion but, instead, alleged various conclusory statements that the trial court was free to accept or reject. We conclude that the trial court did not err by declining to accept as true the conclusory allegations set forth in Stradt's motion.

¶ 24 *2. Interpretation of Section 610.5(e) of the Dissolution Act*

¶ 25 Stradt contends that the trial court did not properly apply the rules of statutory construction when interpreting what Stradt characterizes as the "ambiguous" term "minor modification." We disagree.

¶ 26 As previously stated, section 610.5(e) of the Dissolution Act states that a trial court may modify parenting time in cases where (1) the modification is in the best interests of the child and (2) the modification is minor. 750 ILCS 5/610.5(e) (West Supp. 2015). "The fundamental goal of statutory construction is to ascertain and give effect to the legislature's intent, best indicated by giving the statutory language its plain and ordinary meaning." *N.C.*, 2014 IL 116532, ¶ 50, 12 N.E.3d 23. We "enforce clear and unambiguous statutory language as it is written, and we will not read into it exceptions, conditions, or limitations not expressed by the legislature." *Id.*

¶ 27 Stradt's argument rests on his assertion that the term " 'minor modification' is a term susceptible to differing subjective interpretations." We disagree. Without having to resort to any authorities beyond the plain language of the statute, it is commonly known that the term "minor" is synonymous with "small" or "inconsequential." Stradt's request would change the parenting plan from one parent serving as the primary custodial parent to both parents having equal parenting time. We decline to interpret such a change as constituting a minor modification within the meaning of section 610.5(e) of the Dissolution Act.

¶ 28 This interpretation is consistent with the language of the statute in its entirety, which, though amended to ease the ability to modify parenting plans in certain situations, maintains a policy favoring the finality of the order outlining the parenting plan. Excepting section 610.5(e), a party seeking a modification must still show a substantial change in circumstances to request a modification pursuant to section 610.5(c) of the Dissolution Act (750 ILCS 5/610.5(c) (West Supp. 2015)). This provision evinces a desire to maintain continuity in parenting plans, which is a policy this court has long favored. See *In re Marriage of Wycoff*, 266 Ill. App. 3d 408, 409-10, 639 N.E.2d 897, 900 (1994).

¶ 29 Stradt cites section 102 of the Dissolution Act (750 ILCS 5/102 (West Supp. 2015)), which sets forth the purposes of the Dissolution Act and states the statutory language should be liberally construed to effectuate the stated purposes. Such purposes include promoting children's rights to "strong and healthy relationship[s] with parents" and to "secure the maximum involvement and cooperation of parents" (750 ILCS 5/102(7)(A), (D) (West Supp. 2015)), which are phrases Stradt used in his motion. Stradt argues that his proposed modifications effectuate these purposes. However, this argument is misguided. The fact that a proposed modification might effectuate a statutory purpose does not automatically mean that the proposed modification is minor within the meaning of section 610.5(e).

¶ 30 In sum, we conclude that (1) the plain language of the statute supports the trial court's interpretation of the term "minor modification" and (2) the court did not fail to adhere to the rules of statutory construction. We commend the trial court for its thoughtful, patient resolution of the arguments raised by Stradt and for the concise reasoning outlined in its written order.

¶ 31                                III. CONCLUSION
¶ 32 For the foregoing reasons, we affirm the trial court's judgment.

¶ 33 Affirmed.