NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190737-U

NO. 4-19-0737

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 25, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| JASON R. BIANCO, | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Coles County |
| and | ) | No. 08D135 |
| LISA A. BIANCO, | ) | |
| Respondent-Appellee. | ) | Honorable |
| | ) | Brian L. Bower, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Harris and Holder White concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court did not err by denying petitioner's amended petition for modification of parenting time and petitioner's petition for modification of child support.

¶ 2   Petitioner, Jason R. Bianco, appeals the Coles County circuit court's September 26, 2019, order and challenges the court's denial of (1) his February 2019 petition for modification of parenting time and (2) his January 2019 petition for modification of child support. We affirm.

¶ 3   I. BACKGROUND

¶ 4   Petitioner and respondent, Lisa A. Bianco, were married in March 1994 and had two children, A.B. (born in June 1999) and C.B. (born in October 2003). In July 2008, petitioner filed his petition for the dissolution of the parties' marriage. On August 13, 2008, the circuit court entered a judgment of dissolution of marriage, incorporating the parties' marital settlement

agreement and joint parenting agreement. Over the years, the parties have filed numerous petitions addressing the care of the minor children. At the time of the orders at issue in this appeal, A.B. was no longer a minor and not a part of the orders. Only the facts relevant to the issues on appeal are set forth.

¶ 5          In March 2017, petitioner filed a petition for modification of child support based on the facts A.B. was living with him and A.B. would be 18 and a high school graduate in June 2017. While the March 2017 petition was pending, petitioner filed a petition for modification of custody in May 2018. In August 2018, petitioner filed a motion for determination of the overage he has paid in child support due to A.B. reaching majority. In September 2018, respondent filed a petition to modify parenting time.

¶ 6          On September 26, 2018, the circuit court held a hearing. The docket entry for the hearing indicated an agreement between the parties had been reached. The parties also agreed to a judgment in the amount of $15,094.84 against respondent for the overpayment of child support. The judgment provided for interest to accrue "pursuant to statute at 9% per Annum." The court found petitioner's new child support obligation was $258.69 per week to be reduced by $75.52, which represented a credit towards the judgment against respondent.

¶ 7          On October 16, 2018, the circuit court entered the order for child support. The parties filed a joint parenting plan, and on October 31, 2018, the court entered an order approving the joint parenting plan. In December 2018, a new child support order was entered due to respondent paying off the judgment against her.

¶ 8          In December 2018, petitioner filed a petition for modification of parenting time, seeking residential custody of C.B. due to a degradation of the relationship between respondent and C.B. In January 2019, petitioner filed a petition for modification of child support based on

him receiving more than 146 overnight visits with C.B. per year under the October 2018 parenting plan. That same month, petitioner also filed a petition for adjudication of indirect civil contempt asserting respondent was not complying with the October 2018 parenting plan. Respondent filed a petition seeking a refund for overpayment of the judgment against her relating to child support. The next month, petitioner filed an amended petition for modification of parenting time, adding facts about an altercation between respondent and C.B. on December 6, 2018. Respondent filed a petition to modify parenting time, seeking to remove the right of first refusal in the October 2018 parenting plan, which provided that, "[i]n the event the party having parenting time is unavailable to be with the minor child for a period of three (3) hours or more, the other parent shall be given first option of caring for the child during the period of unavailability."

¶ 9 On August 20, 2019, the circuit court commenced the hearing on all pending petitions. Petitioner testified on his own behalf and presented the testimony of (1) Rachel Finney, a former high school teacher of C.B.; (2) respondent, as an adverse witness; and (3) Misty Bianco, petitioner's wife. Petitioner also presented, *inter alia*, the deposition of Theresa White, a counselor at the Hamilton Center, and a calendar depicting his days with C.B. in 2018. Respondent testified on her own behalf and presented the testimony of (1) Michael Shaffer, an assistant principal at C.B.'s school; (2) petitioner, as an adverse witness; and (3) Christopher Lawson, respondent's husband. Respondent also presented a calendar showing the days she had C.B. in 2019. Additionally, the court conducted an *in camera* interview of C.B.

¶ 10 At the conclusion of the evidence, the circuit court allowed the parties to submit written closing arguments. Both parties filed their closing arguments on September 19, 2019. On September 26, 2019, the circuit court entered a written order (1) denying the petitions

relating to parenting time brought by both petitioner and respondent; (2) denying petitioner's petition for adjudication of indirect civil contempt; (3) denying petitioner's motion for modification of child support; and (4) entering judgment in favor of petitioner and against respondent for $44.10, which was an overpayment of child support. As to the parties' petitions for modification of parenting time, the court found neither party established by a preponderance of the evidence a change in circumstances had occurred since the recitation of their joint parenting agreement on September 26, 2018, which was filed in October 2018. Regarding petitioner's motion for modification of child support, the court also found the evidence did not support a substantial change in circumstances subsequent to September 26, 2018. The court further stated respondent's loss of employment may have been a change in circumstances for child support purposes but the court imputed respondent's income to her based upon the conduct that caused her termination from employment.

¶ 11    On October 23, 2019, petitioner filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). Accordingly, this court has jurisdiction under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 12                                    II. ANALYSIS

¶ 13                                 A. Parenting Time

¶ 14    Petitioner contends the circuit court erred by denying his petition for modification of parenting time. He addresses each of the best interest elements set forth in section 602.7(b) of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/602.7(b) (West 2018)) and notes the circuit court did not address those factors in its order. Respondent notes section 610.5(c) of the Dissolution Act (750 ILCS 5/610.5(c) (West 2018)) applies to modifications of parenting time. She also appears to argue the circuit court properly found

- 4 -

petitioner failed to show a substantial change in circumstances since the entry of the existing parenting plan. In his reply brief, petitioner contends respondent misinterpreted section 610.5 and again argued the circuit court gave no indication it considered the best interest factors in section 602.7(b). Thus, this issue is one of statutory interpretation, which we review *de novo*. *Accettura v. Vacationland, Inc.*, 2019 IL 124285, ¶ 11.

¶ 15         With statutory interpretation, our primary objective is to ascertain and give effect to the legislature's intent. *Accettura*, 2019 IL 124285, ¶ 11. Given its plain and ordinary meaning, the statutory language itself provides the most reliable indicator of the legislature's intent. *Accettura*, 2019 IL 124285, ¶ 11. Our supreme court has stated, " 'It is a basic rule of statutory construction that the words of a statute should be given their plain, ordinary[,] and accepted meaning, unless to do so would defeat the legislative intent.' " *Accettura*, 2019 IL 124285, ¶ 11 (quoting *Peoria Savings & Loan Ass'n v. Jefferson Trust & Savings Bank of Peoria*, 81 Ill. 2d 461, 468, 410 N.E.2d 845, 848 (1980)). This court does "not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent." *Accettura*, 2019 IL 124285, ¶ 11.

¶ 16         Section 610.5 of the Dissolution Act (750 ILCS 5/610.5 (West 2018)) addresses modifications of orders pertaining to minors in dissolution cases and provides in pertinent part as follows:

> "(c) Except in a case concerning the modification of any restriction of parental responsibilities under Section 603.10, the court shall modify a parenting plan or allocation judgment when necessary to serve the child's best interests if the court finds, by a preponderance of the evidence, that on the basis of facts that have arisen since the entry of the existing parenting plan or allocation judgment or

were not anticipated therein, a substantial change has occurred in the circumstances of the child or of either parent and that a modification is necessary to serve the child's best interests.

\*\*\*

(e) The court may modify a parenting plan or allocation judgment without a showing of changed circumstances if (i) the modification is in the child's best interests; and (ii) any of the following are proven as to the modification:

(1) the modification reflects the actual arrangement under which the child has been receiving care, without parental objection, for the 6 months preceding the filing of the petition for modification, provided that the arrangement is not the result of a parent's acquiescence resulting from circumstances that negated the parent's ability to give meaningful consent;

(2) the modification constitutes a minor modification in the parenting plan or allocation judgment;

(3) the modification is necessary to modify an agreed parenting plan or allocation judgment that the court would not have ordered or approved under Section 602.5 or 602.7 had the court been aware of the circumstances at the time of the order or approval; or

(4) the parties agree to the modification."

This court has previously stated that, except under the circumstances set forth in section 610.5(e) of the Dissolution Act, "a party seeking a modification must still show a substantial change in circumstances to request a modification pursuant to section 610.5(c) of the Dissolution Act (750 ILCS 5/610.5(c) (West Supp. 2015))." *In re Marriage of O'Hare*, 2017 IL App (4th) 170091,

¶ 28, 79 N.E.3d 712. We explained "[t]his provision evinces a desire to maintain continuity in parenting plans, which is a policy this court has long favored." *O'Hare*, 2017 IL App (4th) 170091, ¶ 28 (citing *In re Marriage of Wycoff*, 266 Ill. App. 3d 408, 409-10, 639 N.E.2d 897, 900 (1994)). That interpretation is consistent with the plain language of section 610.5.

¶ 17    Given section 610.5(e) of the Dissolution Act expressly provides for modification without a substantial change in circumstances in four defined situations, the legislature intended section 610.5(c) to apply to all other situations and for the court to only consider modification of a parenting plan when a substantial change in the circumstances of the child or either parent has occurred. See 750 ILCS 5/610.5 (West 2018). Thus, before the court considers whether the modification is necessary to serve the child's best interest, the court must determine whether the movant has proved by a preponderance of the evidence a substantial change in circumstances has occurred based on facts that have arisen since the entry of the existing parenting plan or were not anticipated therein. See 750 ILCS 5/610.5(c) (West 2018). If the movant has met his or her burden of showing a substantial change in circumstances, then the court addresses whether modification is necessary to serve the child's best interests. If the movant has not met his or her burden of showing a substantial change in circumstances, then the court must deny the modification petition.

¶ 18    In this case, the circuit court found petitioner had not proved by a preponderance of the evidence a change in circumstances had occurred since the September 26, 2018, recitation of the parenting agreement. Since the circuit court made that finding, it was required to deny petitioner's modification petition and did not need to address the best interests factors set forth in section 602.7(b). Petitioner does not challenge the circuit court's determination he failed to prove a substantial change in circumstances, and thus we find the circuit court's denial of his

February 2019 amended petition for modification of parenting time was proper.

¶ 19                                    B. Child Support

¶ 20            Petitioner also contends the circuit court erred by denying his petition for

modification of child support because the October 2018 joint parenting plan increased his

parenting time with C.B.  Respondent maintains the circuit court properly found a change in

circumstances had not occurred.  In his reply brief, petitioner contends for the first time the

circuit court erred by finding a substantial change in circumstances did not occur.  This court

reviews a circuit court's modification decision for an abuse of discretion.  *In re Marriage of Izzo*,

2019 IL App (2d) 180623, ¶ 26.  "A court abuses its discretion when no reasonable person would

agree with the decision [citation] or when it bases its decision on an incorrect view of the law."

*Izzo*, 2019 IL App (2d) 180623, ¶ 26.

¶ 21            Like modification of a parenting plan, the modification of a child-support

judgment is a two-step process.  *Izzo*, 2019 IL App (2d) 180623, ¶ 25.  The court first must find a

substantial change in circumstances has occurred, and second it must look to the statutory factors

to determine the new amount.  *Izzo*, 2019 IL App (2d) 180623, ¶ 25.  In this case, the circuit

court concluded the evidence did not support a substantial change in circumstances and thus did

not address the second step.

¶ 22            "A substantial change in circumstances typically means that the child's needs, the

obligor parent's ability to pay, or both have changed since the entry of the most recent support

order such that a modification of the support amount is warranted."  *Izzo*, 2019 IL App (2d)

180623, ¶ 25.  " 'The burden of showing a substantial change in circumstances sufficient to

justify a modification of a child support award is on the party seeking the relief.' "  *Izzo*, 2019 IL

App (2d) 180623, ¶ 25.  Courts have found "[a] significant change in custodial arrangements, by

itself, is sufficient to establish a substantial change that would justify the modification of child support." *Izzo*, 2019 IL App (2d) 180623, ¶ 28.

¶ 23 In this case, the circuit court found the evidence did not support a substantial change in circumstances subsequent to the September 26, 2018, agreement that was filed in October 2018. The court noted the termination of respondent's employment could have been a substantial change in circumstances, but the court chose to impute respondent's income to her based upon her conduct causing her termination from employment. Petitioner contends the circuit court overlooked the fact that, prior to the entry of the October 2018 joint parenting plan, petitioner did not have the requisite 146 nights under section 505(3.8) of the Dissolution Act (750 ILCS 5/505(3.8) (West 2018)) to warrant a modification of support. Respondent notes petitioner's March 2017 petition for modification of child support was decided at the September 26, 2018, hearing, at which the circuit court also approved the parties' modified joint parenting plan. Thus, she argued the parties' parenting time had not changed since the written orders that resulted from the September 26, 2018, hearing.

¶ 24 Petitioner points to nothing in the record to indicate the October 2018 parenting plan was not taken into consideration when establishing the amount of child support in 2018. As respondent notes, the circuit court addressed the two issues at the same hearing in September 2018. The record on appeal lacks a report of proceedings for that September 2018 hearing. See Ill. S. Ct. R. 323 (eff. July 1, 2017). As the appellant, petitioner had the burden to present a sufficiently complete record of the proceedings in the circuit court to support his claim of error, and thus we resolve any doubts that may arise from the incompleteness of the record against him. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984). Additionally, when the record is incomplete to address a claim of error, we presume the circuit court's order was in

conformity with law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392, 459 N.E.2d at 959. The record before us does not refute the circuit court's finding the evidence before it failed to show a substantial change in circumstances subsequent to the September 26, 2018, agreement. Accordingly, we find the circuit court did not abuse its discretion by denying petitioner's motion to modify child support.

¶ 25                                    III. CONCLUSION

¶ 26            For the reasons stated, we affirm the Coles County circuit court's judgment.

¶ 27            Affirmed.