# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

*In re Marriage of Wengielnik*, 2020 IL App (3d) 180533

</div>

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF DENISE C. WENGIELNIK, Petitioner-Appellee, and MATTHEW S. WENGIELNIK III, Respondent-Appellant. |
| District & No. | Third District<br>No. 3-18-0533 |
| Rule 23 order filed<br>Motion to<br>publish allowed<br>Opinion filed | December 3, 2019<br><br>January 2, 2020<br>January 2, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 12-D-1570; the Hon. Domenica Osterberger, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael Schatz, of Schatz & Shaughnessy, P.C., of Tinley Park, for appellant.<br><br>Gregory B. Jumbeck and Timothy J. Reeb, of Reich, Jumbeck & Stole, L.L.P., of Joliet, for appellee. |

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Presiding Justice Lytton and Justice Holdridge concurred in the judgment and opinion.

**OPINION**

¶ 1        Respondent, Matthew Wengielnik III, filed a motion to modify his child support obligation. After hearing Matthew's argument, the trial court granted a directed finding to petitioner, Denise Wengielnik, finding no substantial change in circumstances had occurred warranting modification of child support. We affirm.

¶ 2                                I. FACTS

¶ 3        Matthew and Denise divorced in March 2013. The parties entered into a joint parenting agreement regarding their minor child. The parenting agreement provided Matthew with 82 overnights in 2016.

¶ 4        In December 2016, the parties entered into an allocation of parenting responsibilities and parenting plan judgment. Matthew received additional parenting time with the child as a result. This change amounted to Matthew exercising 130 overnights in odd years and 148 overnights in even numbered years.

¶ 5        In October 2017, Matthew filed a petition to modify child support, stating there had been a substantial change in circumstances warranting a modification. The circuit court held a hearing on the motion on August 9, 2018. The arguments revolved around whether the increase in Matthew's parenting time constituted a substantial change in circumstances sufficient to modify his child support obligation. Matthew averred that he need not show how the extra parenting time impacted the financial matters of the parties, instead it was a logical presumption that additional costs were inherent in the increase. He analogized the modification of child support to a modification of parenting time, arguing that pursuant to appellate case law, a modification of parenting time in the amount of 6% was found not to be a minor change. Applying that reasoning, the trial court should find the slightly more than 15% average increase in parenting time between odd and even years to be a substantial change in circumstances.

¶ 6        Matthew was the only individual who testified during the hearing. He stated that since the allocation judgment, he had been exercising his parenting time in accordance with said judgment and provided a calendar that evidenced his parenting time. Matthew made clear that he was not exercising parenting time in excess of what was provided for in the allocation judgment. No evidence was provided concerning any change in financial circumstances for either parent or change in the needs of the child. In fact, no financial information whatsoever was provided to the court.

¶ 7        On opposing counsel's motion for a directed finding, the circuit court opined,

            "THE COURT: *** The substantial change in circumstances contemplated by the modification to child support statute, insofar as it has been addressed by the case law in my view, has not been changed in terms of its use in the new child support statute.

In other words, there has been nothing to suggest to me that there are different considerations for the substantial change in circumstances whether you are under the old or new statute. And I will tell you, even if you were here without a change in the statute, even if you had come in, you know, in January of 2017 and said there was a substantial change in circumstances merely because of the number of extra days that dad has, I would not have found a substantial change in circumstances, wouldn't have done it, because you haven't shown me how there is a substantial change in circumstances that affects the child support issue.

I understand your argument about the Court's assessment of a substantial change in circumstances vis-à-vis the modification of parenting time, and the trouble I have with that is that it is the same phrase but different circumstances that are relevant to each of the statutes. So, in other words, a substantial change in circumstances, insofar as modification of parenting time is concerned, has to take into consideration different components than a substantial change in circumstances as it relates to child support.

So[,] it is not an apple to apple comparison, it's an apples to oranges comparison. *** I find that a substantial change in circumstances—when the substantial change in circumstances relates to a modification of child support necessarily has to encompass a monetary issue, and you haven't supported any claim that the monetary issues have changed."

¶ 8     The court granted the motion for a directed finding.

¶ 9     This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, Matthew argues the trial court abused its discretion in finding that the change in parenting time alone did not constitute a substantial change in circumstances warranting a modification in child support. Denise responds by pointing out that Matthew failed to provide the trial court with evidence that showed how the modification of parenting time led to a substantial change in circumstances and asks us to affirm the lower court.

¶ 12    As an initial matter, both parties advocate for the use of an abuse of discretion standard on appeal. However, an abuse of discretion standard only applies in this context once a substantial change is found by the trial court and a modification is granted or denied. *In re Marriage of Garrett*, 336 Ill. App. 3d 1018, 1020 (2003). When the trial court finds that no substantial change in circumstances has occurred, we review whether the manifest weight of the evidence supports the finding. *In re Marriage of Barnard*, 283 Ill. App. 3d 366, 370 (1996). We can affirm the lower court's judgment for any reason apparent in the record. *City of Champaign v. Torres*, 214 Ill. 2d 234, 241 (2005).

¶ 13    The Illinois Marriage and Dissolution of Marriage Act (Act) allows a trial court to modify a child support obligation upon a showing of a substantial change in circumstances. 750 ILCS 5/510 (West 2016). Decisions regarding what is required to prove a substantial change in circumstances for child support modification are plentiful. See *In re Marriage of Adams*, 348 Ill. App. 3d 340, 343 (2004) ("To establish a substantial change in circumstances, the petitioner must show an increase in the noncustodial parent's ability to pay and an increase in the needs of the child since the court's previous order."); see also *In re Marriage of Turrell*, 335 Ill. App. 3d 297, 307 (2002) ("The petitioning party must show both an increase in the child's needs

and the supporting spouse's ability to pay."); *In re Marriage of Rushing*, 2018 IL App (5th) 170146, ¶ 34 ("To establish the change necessary to warrant an increase in support, a petitioner must show that the child's needs and the noncustodial spouse's ability to pay have increased."). Typically, a substantial change in circumstances means the child's needs, the nonmajority parent's ability to pay, or both have changed since the entry of the most recent support order. *In re Marriage of Verhines*, 2018 IL App (2d) 171034, ¶ 79. Nonetheless, a change in parenting time of a certain nature can, based on the facts of the case, constitute a substantial change. See *In re Marriage of White*, 204 Ill. App. 3d 579, 582 (1990) (where custody of child was transferred from one parent to another, a substantial change had occurred); see also *In re Marriage of Singleteary*, 293 Ill. App. 3d 25, 35 (1997) ("[S]ome change in circumstances *of any nature* that would justify equitable action by the court in the best interests of the child is required." (Emphasis in original.)). A trial court has wide latitude in determining whether such a change in circumstances has occurred. See *In re Marriage of Riegel*, 242 Ill. App. 3d 496, 498 (1993).

¶ 14   Matthew does not direct this court's attention to any case law that supports the argument he advances. Instead, he argues that "[t]he statute does not state, nor require, that there be a showing of a substantial change in financial circumstances." As laid out above, although the term is not defined in the statute it has been judicially construed. See *Bragdon v. Abbott*, 524 U.S. 624, 645 (1998) (when "judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute" is presumed to incorporate that construction); see also *In re Marriage of Mathis*, 2012 IL 113496, ¶ 25 ("We assume not only that the General Assembly acts with full knowledge of previous judicial decisions, but also that its silence on this issue in the face of decisions consistent with those previous decisions indicates its acquiescence to them."). In addition, the trial court has wide latitude in deciding whether the requisite change in circumstances has taken place. *Marriage of Riegel*, 242 Ill. App. 3d at 498. As we discuss *infra*, the fault with Matthew's argument has nothing to do with statutory construction and everything to do with the burden of proof placed upon him. *Infra* ¶ 18. The arguments on this issue are without merit.

¶ 15   Matthew also cites to *In re Marriage of O'Hare*, 2017 IL App (4th) 170091, for the contention that under section 610.5(e)(2) of the Act (750 ILCS 5/610.5(e)(2) (West 2016)), a 6% increase was not considered a minor modification for purposes of parenting time. *Marriage of O'Hare*, 2017 IL App (4th) 170091, ¶ 27. He then attempts to make the leap that such a consideration also applies to a trial court's decision regarding modification of child support where a 15% change in parenting time has occurred. The trial court aptly recognized that this is "not an apple to apple comparison." As was pointed out in the lower court, the statute relating to a modification of parenting time requires a court to entertain different considerations than the statute relating to a modification of support. See 750 ILCS 5/610.5(e) (West 2016); see also *id.* § 510.

¶ 16   Matthew goes on to state that "[i]f the law does not require DENISE to show how and where she spends the child support she receives from MATTHEW, then the Trial Court should not require MATTHEW to prove how his increased time with the minor child either increases his *** costs, or how DENISE's *** costs have decreased." Notwithstanding this argument, it was Matthew's burden to show a substantial change had occurred. *In re Marriage of Saracco*, 2014 IL App (3d) 130741, ¶ 13. We find Matthew's argument unpersuasive.

¶ 17 Troubling in this matter was the attempt to show a substantial change in circumstances via the production of a calendar showing Matthew's overnights and nothing else. There was no discussion about how the change in parenting time impacted the parties from a financial perspective or whether there was a change in the child's needs. Without some evidence about either of these issues, the trial court is left to guess who is shouldering the financial burden of raising the child or whether the child would suffer detriment from a modification in support. While it may seem implicit that an increase in parenting time automatically includes an increase in expenses for the parent exercising additional time, trial courts are not in the position to make such bold assumptions. See *In re Marriage of Rash*, 406 Ill. App. 3d 381, 388 (2010) ("A petition to modify child support must be decided on the facts and circumstances of each case."). Absent a drastic change in parenting time, a mere increase in parenting time for one parent does not necessarily result in the reduction of the financial burden associated with raising the child for the other. See *Marriage of White*, 204 Ill. App. 3d at 581-82. In this matter, only presenting the court with a calendar that evidenced Matthew was exercising additional overnights was insufficient to establish a substantial change in circumstances. Matthew failed to carry his burden in this matter. Accordingly, the trial court's finding that no substantial change in circumstances occurred was not against the manifest weight of the evidence.

¶ 18                                    III. CONCLUSION
¶ 19        For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 20        Affirmed.