**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240491-U

Order filed June 16, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| ANGELA ISOM, | ) | Will County, Illinois. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-24-0491 |
| and | ) | Circuit No. 22-DC-552 |
| | ) | |
| GBOLAHAN KAREEM, | ) | |
| | ) | The Honorable |
| Respondent-Appellant. | ) | Joan Meyers, |
| | ) | Judge, presiding. |

_____

JUSTICE ANDERSON delivered the judgment of the court.
Presiding Justice Brennan and Justice Hettel concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*: The appellant's brief and the appellate record are insufficient to establish that the circuit court abused its discretion in denying a motion for reduction in child support based on a substantial change in circumstances when the United States Citizenship and Immigration Services (CIS) declined to renew a work authorization.

¶ 2      The parties, Angela Isom and Gbolahan Kareem, were married in 2019 and had a child. At the time of the marriage, Gbolahan had an immigrant visa and was authorized to work. After the marriage, Gbolahan applied to become a permanent resident of the United States, but his

application was denied. Angela subsequently filed a petition for dissolution, and Gbolahan was ordered to pay child support.

¶ 3       Gbolahan filed a motion to reduce his child support payments, alleging a substantial change in circumstances because his permanent residency application had been denied and his work authorization had expired. Gbolahan appeals from the denial of that motion, and we affirm.

¶ 4                                     I. BACKGROUND

¶ 5       The parties were married in April 2019 and had a child in 2020. At the time of the marriage, Angela was a United States citizen, and Gbolahan was in the U.S. on an immigrant visa and corresponding work authorization. After the marriage, Gbolahan applied to become a permanent United States resident, but his application was denied in February 2022. Angela filed a petition for dissolution in July 2022, and Gbolahan was ordered to pay child support.

¶ 6       The trial court set child support of $518 per month in January 2023. Angela subsequently filed a motion to impute income against Gbolahan, alleging that he was willfully underemployed because he quit a higher paying job after learning of the support order. Gbolahan failed to appear at the April 2023 hearing on the motion, and the court found that he was willfully underemployed, imputing his income at $87,360 per year. The trial court also raised Gbolahan's support payments to $909 per month. Gbolahan filed two motions to reduce his support payments, but both were stricken as insufficient. In September 2023, Gbolahan's child support payments were raised to $1,109 per month to include his support arrearages.

¶ 7       Angela and Gbolahan voluntarily entered into a marital settlement agreement (MSA) in December 2023. The MSA resolved issues of maintenance, parental responsibilities, support, insurance and educational support for their child. The MSA was "made a part of this Judgment for Dissolution of Marriage; and all of the provisions of said Agreement are expressly ratified,

2

confirmed, approved and adopted as the orders of this Court to the same extent and with the same force and effect as if said provisions were in this paragraph set forth verbatim as the Judgment of this Court ***." Under Article III of the MSA, Gbolahan agreed to continue paying child support in the sum of $909 per month.

¶ 8        After the entry of the dissolution order, Gbolahan again filed a motion to reduce his child support payments. He argued that, because his work authorization had expired and would not be renewed, he was forced to take lower paying jobs and could no longer afford the $909 he had been ordered to pay. His motion failed to state his earnings or potential earnings, either with or without the work authorization, or to attach any documents sent to him by the United States Citizenship and Immigration Services (CIS). In Angela's response to the motion, however, she attached two letters from the CIS, which were admitted into evidence.

¶ 9        The circuit court held a hearing, *inter alia*, on Gbolahan's motion to reduce payments on July 12, 2024. At the conclusion of that hearing, the court entered an order, reciting "[f]or the reasons stated of record, [Gbolahan's] change in circumstances is found NOT to be involuntary and, therefore, [his] motion to modify child support is denied." Gbolahan filed a timely notice of appeal from that order.

¶ 10                                        II. ANALYSIS

¶ 11        On appeal, Gbolahan argues that the trial court erred in denying his motion to reduce child support. The standard of review applied to a ruling on a motion seeking modification of support due to a substantial change of circumstances depends on the nature of the trial court's underlying findings. If the trial court found no substantial change in circumstances, we examine whether that factual finding was against the manifest weight of the evidence. *In re Marriage of Wengielnik*, 2020 IL App (3d) 180533, ¶ 12. If, however, the trial court found that a substantial change of

3

circumstances had occurred, we review its granting or denial of the motion for an abuse of discretion. *Id*.

¶ 12 Here, the trial court's order acknowledged a change in Gbolahan's circumstances but stated that the change was voluntary, resulting in the denial of his motion to reduce support. Accordingly, we analyze the order using the abuse of discretion standard of review. An abuse of discretion occurs when the trial court's decision is arbitrary or fanciful or would not be adopted by any reasonable person. *Brown v. Illinois State Police*, 2021 IL 126153, ¶ 49.

¶ 13 As the appellant, Gbolahan has the burden of supporting his claim with a sufficiently complete trial record. *Foutch v. O'Bryant,* 99 Ill. 2d 389, 391 (1984). Without a sufficient record on appeal, we must presume that the trial court's order conformed to the law and was sufficiently supported by the facts. *Id*. at 392. Any doubts arising from the insufficiency of the record must be construed against the appellant (*id*.), and we may not review any challenge to the trial court's factual findings or the basis for its legal conclusions without an appropriate bystanders report or report of proceedings (*Corral v. Mervis Industries, Inc.,* 217 Ill. 2d 144, 156 (2005)).

¶ 14 Here, Gbolahan was notified that, as the appellant, he was required to file a report of proceedings, bystander's report, or agreed statement of facts from the July hearing. None of those documents appear in the appellate record, however, although Angela refers to a grossly deficient bystander's report that allegedly contained numerous misrepresentations. As a result, we know nothing about what occurred at the July 12, 2024, hearing on the motion to reduce child support except what is stated in the trial court's brief order and Gbolahan's claims of error.

¶ 15 In addition, Gbolahan's appellate brief mentions only two case decisions, both of which are incorrectly cited. The first, *In re Marriage of Zells*, cited at 138 Ill. 2d 437 (1990), is cited for the simple proposition that the trial court's decision must be fair and reasonable. We note that the

correct citation for that case is 143 Ill. 2d 251 (1991) and that the decision does not assert the proposition for which it is cited. We were unable to locate the second case cited by Gbolahan, *In re Marriage of Amland*, 2015 IL App (1st) 142683. The brief reads as though Gbolahan conducted his legal research through ChatGPT rather through reliable resources like Westlaw or Lexis.

¶ 16        Regardless, we conclude that Gbolahan has failed to produce a sufficiently complete record to support his claim that the trial court erred in denying his request for a modification of child support payments. He did not provide this court with any income numbers showing a decreased ability to pay. He did not provide a report of proceedings, bystander's report, or agreed statement of facts describing what occurred at the July 12 hearing, even though the trial court's written order expressly relied on "the reasons stated of record" to support its finding that the change of circumstances was not involuntary. Without that record, we have no basis for reviewing either the factors the trial court believed to be important or the basis for any of its legal determinations.

¶ 17        Gbolahan's failure to support his position with any valid legal authority or an adequate record violates Supreme Court Rule 341(h)(7), requiring the appellant to provide this court with "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on" and to refer to "the pages of the record on appeal where evidence may be found" (Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 20206)). The failure to present legal support for a position or argument may be considered a failure to preserve that argument for appellate review. *Moy v. Ng*, 371 Ill. App. 3d 957, 964 (2007). As a self-represented litigant in a civil appeal, Gbolahan is held to the same standards as those litigants represented by counsel in complying with the applicable rules and procedures. *Titus v. Mohammed Alaeddin and Bashir & Sons, Inc.*, 2018 IL App (3d) 170400, ¶ 10.

¶ 18        Here, Gbolahan has provided this court with a woefully inadequate appellate record and no relevant legal authority to support his claims. Because, in the absence of any contrary showing, we must presume that a trial judge knows and applies the correct law when issuing a ruling *(In re N.B.*, 191 Ill. 2d 338, 345 (2000)), we find no abuse of discretion in denying Gbolahan's motion to modify child support.

¶ 19                            III. CONCLUSION

¶ 20        For the reasons stated above, the judgment of the circuit court of Will County is affirmed.

¶ 21        Judgment affirmed.