**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250549-U

Order filed May 6, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| EDWARD J. KAMINSKI, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Petitioner-Appellee, | ) | Will, Illinois, |
| | ) | |
| v. | ) | Circuit No. 23-FA-97 |
| | ) | Appeal No. 3-25-0549 |
| URIAH T. RIEDEL | ) | |
| | ) | Honorable |
| Respondent-Appellant. | ) | Raymond A Nash, |
| | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE ANDERSON delivered the judgment of the court.
Justice Holdridge concurred in the judgment.
Justice Peterson dissented.

_____

**ORDER**

¶ 1    *Held*:  The trial court erred in not first determining whether there was substantial change in circumstances and not considering changes in parties' financial conditions when denying an increase in child support payments.

¶ 2    This case involves the child support payments for the parties' two children. In October 2025, the trial court denied the mother's motions to modify/increase child support payments and the father's motion to reduce child support payments.   The mother, Uriah T. Riedel, appeals.

¶ 3           I. BACKGROUND

¶ 4   Riedel and petitioner, Edward J. Kaminski, are parents to two children. In September 2025, Riedel sought an increase in child support payments. At the time of the motions, a motion to modify child support and a motion to increase child support, Kaminski was paying $1,208.16 per month in child support. Riedel sought to increase the monthly amount to $1,398.15 (an increase of $189.99) due to an increase in Kaminski's income and increased medical needs of the children, specifically orthopedic and orthodontic care. Shortly thereafter, Kaminski filed a motion to reduce child support to $600 per month based on upcoming changes in his employment, loss of medical insurance, and debt to the Internal Revenue Service (IRS).

¶ 5   The trial court held a hearing on the motions on October 17, 2025. Riedel testified that she seeks an increase in child support because Kaminski's income increased to $81,000 per year. An updated Illinois Child Support Estimator demonstrated estimated child support payments totaling $1,398.15 per month. This total was based on child support of $1,223.98, additional medical support of $170.21 per month, and shared extracurricular expenses of $8.33 per month.

¶ 6   Kaminski testified that he seeks to reduce his child support payments because his rent increased by $100 the previous month, he lost his health insurance, he needs treatment for two medical conditions, his full-time employer informed him the company will be closing, and he has $30,000 in debt ($15,000 credit card debt and $15,000 owed to the IRS). He also testified that his girlfriend does live in his home, but he does not receive any financial support from her.

¶ 7   The trial court denied the three motions. The trial court confirmed that Kaminski's income has increased (the amount of increase is not demonstrated in the record) and then discussed Kaminski's debt to the IRS at length. The trial court noted that Kaminski should do his best to

2

reduce his debt to the IRS and make sure to keep his child support payments current. Riedel appeals the trial court's judgment.

¶ 8                                                    II. ANALYSIS

¶ 9         Riedel argues that the trial court erred in denying the motions to modify/increase the monthly child support because she demonstrated a substantial change in circumstances. She also argues that the trial court failed to take the appropriate factors into consideration when denying her motions.

¶ 10         Generally, a child support judgment can be modified only after showing a substantial change in circumstances. 750 ILCS 5/510(a)(1) (West 2022); *In re Marriage of Izzo*, 2019 IL App (2nd) 180623, ¶ 25. Typically, a substantial change in circumstances is demonstrated by showing the child's needs, the obligor parent's ability to pay, or both have changed since the most recent support order. *Id.* The party seeking the modification has the burden of demonstrating a change in circumstances sufficient to justify a modification of the support award. *Id.* If the court determines that a substantial change of circumstances has occurred, then the court considers the statutory guidelines to determine the new amount. *Id*. Thus, the trial court's decision to modify child support is a two-step process. *Id*. "First, the court must find a substantial change in circumstances. Second, the court must look to the statutory factors to determine the new amount." *Id*.

¶ 11         We review a trial court's finding that no substantial change in circumstances has occurred under the manifest weight of the evidence standard. *In re Marriage of Wengielnik*, 2020 IL App (3d) 180533, ¶ 12. If the trial court finds a substantial change in circumstances has occurred, we review whether the trial court's grant or denial of the modification of child support under the abuse of discretion standard. *Id*.

¶ 12    Here, Riedel argued that a substantial change of circumstances occurred based on an increase in Kaminski's income and new orthopedic and orthodontic care needed by the children. However, in denying the modification of child support, the trial court failed to address whether Riedel demonstrated that these changes constituted a substantial change of circumstances. In fact, after confirming that Kaminski's income has increased, the trial court did not further address either the increase in income or the increased medical costs. The trial court failed to make any finding whether there was a substantial change in circumstances. Instead, the trial court denied the modification of child support based solely on Kaminski's debt to the IRS. We find that the trial court erred by not first addressing whether a substantial change in circumstances occurred before looking to any statutory factors to determine whether modification was appropriate. See *In re Marriage of Turrell*, 335 Ill. App. 3d 297, 308 (2002) (trial court erred in not first determining whether a substantial change of circumstances occurred). Further, there is no indication that the trial court considered Kaminski's increased income or the children's increased medical costs before denying any increase in support payments.

¶ 13                                III. CONCLUSION

¶ 14    For the foregoing reasons we reverse and remand the judgment of the circuit court of Will County.

¶ 15    Reversed and remanded.

¶ 16    JUSTICE PETERSON, dissenting:

¶ 17    I respectfully dissent from the majority's decision in the present case. I would affirm the trial court's denial of Reidel's motion to increase child support by approximately $190 per month and Kaminski's motion to reduce child support by approximately $608 per month. Reidel cites an uncontested increase in Kaminski's income and approximately $179 in increased medical and

4

extracurricular expenses as support for her motion. Kaminski argues that his loss of medical insurance, $100 increase in rent, and $30,000 in debt support his motion to decrease support. I agree with the majority that the court did not specifically state the words "substantial change in circumstances," however, the court heard and discussed each item of evidence offered by both parties during the hearing. Further, both parties were self-represented, and, as is not uncommon, the hearing took on a conversational tone as opposed to the more formal approach used when attorneys are conducting the examination and arguments. Although it would have been better for the trial court to be more specific in using the statutory language, I would rule that the court's finding that no substantial change in circumstances had occurred is implicit in its ruling and discussion, and I would affirm on that basis.

¶ 18    However, even if the court had determined that a substantial change had occurred and then found that because changes had occurred on both sides of the issue, neither party's requested modification was warranted considering the statutory factors (see 750 ILCS 5/505 (West 2022)), I would still affirm. Such a determination would not be an abuse of discretion on this record. See *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16 ("a reviewing court can 'sustain the decision of a lower court on any grounds which are called for by the record, regardless of whether the lower court relied on those grounds ***' ").